IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JAMES WALKER, ) | |
| individually and on behalf of all others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 2:14-CV-04315-NKL |
| vs. ) | |
| ) | |
| MCLANE/MIDWEST, INC. ) | |
| ) | |
| Defendant. ) | |

### ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff James Walker filed this putative class action alleging that Defendant McLane/Midwest, Inc. procured and used consumer reports between November 5, 2012, and March 30, 2015, as part of its hiring process and violated the Fair Credit Reporting Act (FCRA) by: (1) taking adverse actions against job applicants based on consumer reports without affording the class members the opportunity to dispute the accuracy of the adverse information contained in the reports; and (2) violating the disclosure and authorization provisions of the FCRA. Before the Court is the Parties' Joint Motion for Preliminary Approval of Class Action Settlement, [Doc. 25]. The Parties request that the Court preliminarily approve the class-wide Joint Stipulation of Settlement, conditionally certify this case as a class action for settlement purposes only, designate James Walker as a class representative and Jason Brown and Jayson Watkins as class counsel, approve the form and manner of class notices, set a date for a final fairness hearing, and preliminarily enjoin all members of the class from commencing, prosecuting, or maintaining any claim already asserted in and encompassed by this case.

**I. Discussion**

    **A. Class Certification**

1

Plaintiffs seek conditional certification of a "Settlement Class" comprised of two sub-classes defined as:

> (a) "Disclosure Sub-Class"
>
> All employees or prospective employees of the Defendant in the United States who were the subject of a consumer report that was sought by Defendant on any date on or between November 5, 2012 through March 30, 2015 and who executed the same FCRA disclosure form as James Walker, a copy of which is attached hereto as Exhibit 1.
>
> (b) "Adverse Action Sub-Class"
>
> All employees or prospective employees who suffered an adverse employment action between November 5, 2012 and March 30, 2015, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

For settlement purposes only, the Parties stipulate to certification pursuant to Rule 23 of the Federal Rule of Civil Procedure 23 and request that the Court certify a Settlement Class. The Court finds that conditional class certification of the "Settlement Class" for the purpose of settlement is appropriate. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Jason Brown and Jayson Watkins, of Brown & Associates LLC, as Class Counsel. James Walker is designated as the representative for the Settlement Class.

### B. Preliminary Approval of the Joint Stipulation of Settlement

Rule 23(e) directs that the claims of "a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." A proposal that binds the class members may only be approved "after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(2). This generally involves a two-step process, in which the

Court first makes a preliminary inquiry into the terms of the settlement.  Once satisfied that there is a plausible basis to approve the settlement, the Court directs notice and solicits the views of class members, giving them the opportunity to opt-out of the class.  Following the close of any opt-out and comment deadline, the Court holds the hearing required by Rule 23(e)(2) and issues a final finding on whether the settlement is fair, reasonable and adequate.  This case now comes to the Court on the first step – preliminary approval and issuance of a court-authorized notice of settlement.

The Court has reviewed the Joint Motion for Preliminary Approval of Class Action Settlement and the Joint Stipulation of Settlement submitted by the Parties.  The terms and conditions set forth in the Joint Stipulation of Settlement place the agreement within the range of fair and reasonable settlements subject to the following amendments.  Class members shall have six months, rather than ninety days, to cash settlement checks, and Paragraph 8(d) of the Joint Stipulation of Settlement shall be amended accordingly.  The Joint Stipulation of Settlement shall also clearly state that class members are not required to return claim forms in order to receive settlement payments.  Further consideration of the Joint Stipulation of Settlement will take place at a final approval hearing scheduled for Friday, October 23, 2015.  If the Parties agree to the amendments discussed above, the Court preliminarily approves the Joint Stipulation of Settlement.

**IT IS THEREFORE ORDERED** that:

1. The Joint Stipulation of Settlement, including its provision for attorneys' fees to Class Counsel and an incentive payment to James Walker as the named Plaintiff and class representative, is preliminarily approved subject to the amendments described above and pending objections from Settlement Class members and final court approval.

2.  The Settlement Class consisting of the two sub-classes defined below in paragraphs 3 and 4, is conditionally certified for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3).

3.  The "Disclosure Sub-Class" is defined as:

All employees or prospective employees of the Defendant in the United States who were the subject of a consumer report procured between November 5, 2012 and March 30, 2015 and who executed the same FCRA disclosure form as James Walker.

4.  The "Adverse Action Sub-Class" is defined as:

All employees or prospective employees who suffered an adverse employment action between November 5, 2012 and March 30, 2015, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

5.  Any person who previously settled or released all of the claims covered by this settlement, or any person who previously was paid or received awards through civil or administrative actions for all of the claims covered by this settlement, or any person who excludes him/herself from either class shall not be a member of the Settlement Class.

6.  Jason Brown and Jayson Watkins are designated as Class Counsel for the Settlement Class. James Walker is designated as representative for the Settlement Class.

7.  The form of the class notice submitted to the Court and attached as Exhibit A to this Order, incorporating any such non-substantive changes as are agreed to by the Parties, ("Notice") and the plan for dissemination specified in the Joint Stipulation of Settlement, including appointment of a Settlement Administrator, are approved. No later than 10 days after entry of this Order, Defendant shall provide the Settlement Administrator with a list of names and last known addresses of all Settlement Class members and the Notice agreed upon by the

4

parties. Within 10 business days of receipt of the Class List, the Settlement Administrator will mail the Notice to each Settlement Class member by first class mail.

8. Pending the outcome of a final fairness hearing, all members of the Settlement Class are enjoined from commencing, prosecuting, or maintaining any claim already asserted in, and encompassed by, the Action as defined in the parties' Joint Stipulation of Settlement and/or based on released claims and against released parties.

9. All proceedings in this matter, except those related to approval of the settlement, are stayed.

10. A final fairness hearing will be held on Friday, October 23, 2015, at 11:00 a.m., Courtroom 4A, United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri. Any Settlement Class member who wants to object to the settlement must file an objection as stated in the Joint Stipulation of Settlement and Notice. If any objector or objector's attorney wishes to appear at the fairness hearing, he/she must effect service of a notice of intention to appear as stated in the Joint Stipulation of Settlement and Notice.

11. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing as of the date of execution of the Joint Stipulation of Settlement, if the settlement is terminated in accordance with the Joint Stipulation of Settlement or does not receive final approval.

12. Neither the existence nor the terms of this Order shall be construed as an admission, concession, or declaration by or against Defendant or any released party of any fault, wrongdoing, breach, or liability, or as a waiver by any party of any arguments, defenses, or

claims he, she, or it may have, including, but not limited to, objections to class certification in the event that the Joint Stipulation of Settlement is terminated or not given final approval.

13. The Court may in its discretion continue the fairness hearing without further written notice.

For the foregoing reasons, the Court grants the Parties' Joint Motion for Preliminary Approval of Class Action Settlement.

s/ Nanette K. Laughrey<br>NANETTE K. LAUGHREY<br>United States District Judge

Dated: July 20, 2015
Jefferson City, Missouri